■ In the Matter of TOWN OF BEDFORD, Appellant, v. VILLAGE OF MOUNT KISCO, Respondent. COUNTY OF WESTCHESTER, Intervenor-Appellant.—In a proceeding pursuant to article 78 of the CPLR to review a zoning amendment of respondent, an adjoining municipality, petitioner appeals from a judgment (incorrectly characterized as an order) of the Supreme Court, Westchester County, dated February 6, 1969, which dismissed its petition. Petitioner and intervenor appeal from so much of an order of the same court, dated April 17, 1969, as upon reargument, adhered to the original determination. Judgment dated February 6, 1969, reversed, on the law, and motion to dismiss the petition denied. Respondent shall serve its answer to the petition within 20 days after entry of the order hereon. Order dated April 17, 1969, modified by deleting the ordering paragraphs and by substituting in their place provisions (a) granting in full the motion of petitioner, the Town of Bedford, for reargument and, upon reargument, granting vacatur of the judgment dismissing the petition, and denying the motion to dismiss the petition, and (b) granting in full the motion of intervenor, the County of Westchester, to intervene in this proceeding and join the Town of Bedford in its motion for reargument and vacatur of the judgment dismissing the petition and denial of the motion to dismiss the petition. As so modified, order affirmed insofar as appealed from. One bill of $10 costs and disbursements is allowed, payable jointly to appellants. In our opinion, section 452 of the Westchester County Administrative Code (L. 1948, ch. 852, as amd.) gives the Town of Bedford standing to seek a judicial review of the Village of Mt. Kisco's rezoning of the subject parcel abutting the Town of Bedford's border. We also believe that this judicial review may properly be had in an article 78 proceeding; and if we were to assume, *arguendo*, that an article 78 proceeding was procedurally improper, we would deem this proceeding an action for a declaratory judgment and continue it as such (CPLR 103 subd. [c]). While ordinarily an order on reargument supersedes the original order, and an appeal from the original order consequently is dismissed, that rule does not apply here because the original determination was actually a judgment, and the subsequent order granting reargument and adhering to the original determination could not and did not supersede it. We therefore have determined

both the appeal from the judgment and the appeals from the order on reargument on the merits. Hopkins, Acting P. J., Munder, Martuscello, Kleinfeld and Benjamin, JJ., concur.